BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:08-CV-00990-LKK-DAD |
| | ) | |
| Plaintiff, | ) | FINAL JUDGMENT OF |
| | ) | FORFEITURE |
| v. | ) | |
| | ) | |
| REAL PROPERTY LOCATED AT | ) | |
| 5960 14TH AVENUE, SACRAMENTO, | ) | |
| CALIFORNIA, SACRAMENTO COUNTY, | ) | |
| APN: 021-0051-009-0000, | ) | |
| INCLUDING ALL APPURTENANCES | ) | |
| AND IMPROVEMENTS THERETO, | ) | |
| | ) | |
| Defendant. | ) | |

Pursuant to the Stipulation for Final Judgment of

Forfeiture, the Court finds:

1.  This is a civil forfeiture action against certain real

property located at 5960 14TH Avenue, Sacramento, Sacramento

County, California, Assessor's Parcel Number: 021-0051-009-0000

(hereafter "defendant real property"), legal description:

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE
CITY OF SACRAMENTO, COUNTY OF SACRAMENTO, STATE OF
CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

The North one-half of Lot 5 in City Acres Addition No.
1, according to the official plat thereof, filed in the
office of the Recorder of Sacramento County,

California, on November 20, 1922 in Book 17 of Maps, Map No. 10.

The subdivision of said Lot 5 being made on the basis that the lot area includes one-half of the adjoining road.

2.  A Verified Complaint for Forfeiture In Rem ("complaint") was filed on May 6, 2008, alleging that said real property is subject to forfeiture to the United States of America pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

3.  On May 20, 2008, the defendant real property was posted with a copy of the complaint and notice of complaint.

4.  On May 20, 2008, the Internal Revenue Service personally served copies of the complaint, notice of complaint, application and order for publication, lis pendens, order setting status conference, notice of availability of voluntary dispute resolution, notice of availability of magistrate judge, and notice of forfeiture action on Miguel Vasquez, Jr. (hereafter "Vasquez").

5.  On June 9, 16, 23, and 30, 2008, a Public Notice of Posting of the defendant real property appeared by publication in The Daily Recorder, a newspaper of general circulation in the county in which the defendant real property is located (Sacramento County).

6.  Vasquez filed a Claim of Ownership of Property alleging that he is the legal owner of the defendant real property, and filed an Answer to the complaint.

7.  No other parties have filed claims or answers in this matter and the time for which any person or entity may file a claim and answer has expired.

1    Based on the above findings, and the files and records of
2    the Court, it is hereby

3    ORDERED AND ADJUDGED:

4    1.   The Court adopts the Stipulation for Final Judgment of
5    Forfeiture entered into by and between the parties to this
6    action.

7    2.   Judgment is hereby entered against claimant Vasquez and
8    all other potential claimants who have not filed claims in this
9    action.

10   3.   All right, title and interest of Vasquez in the
11   defendant real property shall be forfeited to the United States
12   pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C).

13   4.   The Internal Revenue Service (or a designee) shall list
14   the defendant real property for sale.  The Internal Revenue
15   Service shall have sole authority to select the means of sale,
16   including sale by internet or through a licensed real estate
17   broker, and shall have sole authority over the marketing and sale
18   of the defendant real property.

19   5.   The Internal Revenue Service shall have the defendant
20   real property appraised by a licensed appraiser of its choosing.
21   The Internal Revenue Service and the appraiser may have access to
22   the defendant real property and structures, buildings, or storage
23   sheds thereon upon 24 hours telephonic notice.

24   6.   If necessary, the Internal Revenue Service, and any real
25   estate broker employed by the Internal Revenue Service, shall
26   have the right to put a "lock box" on the property to facilitate
27   the marketing and sale of the property.

28   7.   The following costs, expenses and distributions shall be

paid in escrow from the gross sales price in the following
priority and to the extent funds are available:

    (a)   The costs incurred by the Internal Revenue Service
to the date of close of escrow, including the cost
of posting, service, advertising, and maintenance.

    (b)   Any unpaid real property taxes, which shall
be prorated as of the date of the entry of
this Final Judgment of Forfeiture.

    (c)   A real estate commission not to exceed the
Internal Revenue Service contractual brokerage
fee.

    (d)   The seller shall pay any county transfer taxes.

    (e)   To the United States of America: the net proceeds
from the sale of the real property.  All right,
title, and interest in said funds shall be
substituted for the defendant real property and
forfeited to the United States pursuant to 18
U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), to be
disposed of according to law.

8.   Any liens or encumbrances against the defendant
real property that appear on record subsequent to the recording
of plaintiff's *lis pendens* on May 8, 2008, and prior to the close
of escrow may be paid out of escrow.  The United States may pay
any such lien or encumbrance at its sole discretion.

9.   The costs of a lender's policy of title insurance
(ALTA policy) shall be paid for by the buyer.

10.   All loan fees, "points" and other costs of obtaining
financing shall be paid for by the buyer of the defendant real

Final Judgment of Forfeiture

property.

11.   Each party shall execute all documents necessary to close escrow, if such signatures are required by the title insurer.

12.   Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the posting, forfeiture, or sale of the defendant real property. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting, forfeiture, or sale, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

13.   Claimant Vasquez has been in custody continuously since his arrest on April 24, 2008.  Consequently, claimant Vasquez has not occupied the defendant real property nor has he had the ability to maintain the property since his arrest.  Claimant Vasquez represents that he has not given any person permission to reside on the defendant real property, and he, as the sole owner of the residence, is the only person authorized to reside therein.

14.   Claimant shall make arrangements for the removal of all personal possessions, and the personal possessions of any former occupant, including all vehicles, furniture, and trash, and will leave the property clean and in the same state of repair as the property was on the date it was posted.  Any and all of claimant's personal possessions, and the personal possessions of

1    any former occupant, not removed within 72 hours after the entry

2    of this Final Judgment of Forfeiture will be disposed of by the

3    United States without further notice.

4        15.  Pursuant to the stipulation of the parties, and

5    allegations set forth in the Verified Complaint for Forfeiture In

6    Rem filed May 6, 2008, the Court finds that there was reasonable

7    cause for the posting of the defendant real property, and a

8    Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465

9    shall be entered accordingly.

10       16.  All parties are to bear their own costs and attorneys'

11   fees, if any.

12       17.  Pending the sale of the property, and the disposition

13   of the proceeds, the Court shall maintain jurisdiction to enforce

14   the terms of this Final Judgment of Forfeiture.

15       SO ORDERED THIS 17th day of June, 2011.

16

17                              LAWRENCE K. KARLTON
                                SENIOR JUDGE
18                              UNITED STATES DISTRICT COURT

19                   CERTIFICATE OF REASONABLE CAUSE

20       Pursuant to the Stipulation for Final Judgment of Forfeiture

21   filed herein, and the allegations set forth in the Verified

22   Complaint for Forfeiture In Rem filed May 6, 2008, the Court

23   enters this Certificate of Reasonable Cause pursuant to 28 U.S.C.

24   § 2465, that there was reasonable cause for the posting of the

25   defendant real property.

26       Dated: June 17, 2011.

27

28                              LAWRENCE K. KARLTON
                                SENIOR JUDGE
                                UNITED STATES DISTRICT COURT